**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

LUIS SANCHEZ,

                              Plaintiff,

-vs-                                    DECISION AND ORDER

OFFICER ZIOLKOWSKI, OFFICER BRUN, OF-      13-CV-6657-CJS
FICER FITCH, SGT. JOHN DOE, NURSE DONNA
BONNING, NURSE JANE DOE, NURSE HEWLEY,[1]
and OFFICER JOHN DOE 1–6,

                              Defendants.

---

**APPEARANCES**

For Plaintiff:                    Brian M. Zorn, Esq.
                               Lesley Ellen Niebel, Esq.
                               Faraci Lange LLP
                               28 East Main Street, Suite 1100
                               Rochester, NY 14614
                               (585) 325-5150

For Defendants:              Bernard F. Sheehan, A.A.G
                               NYS Attorney General's Office
                               Department of Law
                               144 Exchange Boulevard
                               Rochester, NY 14614
                               (585) 327-3214

**INTRODUCTION**

    **Siragusa, J.** This prisoner civil rights action is before the Court on Defendant Officer Jason Ziolkowski's motion for summary judgment regarding the second cause of action in the amended complaint (a claim of retaliation), filed on November 26, 2018,

---

[1] The spelling of this defendant's name is incorrect and should be "Hawley." *See* Hawley Decl., Mar. 31, 2015, ECF No. 9-5.

ECF No. 50. For the reasons stated below, Officer Ziolkowski's ("Ziolkowski") application is granted.

## BACKGROUND

The Court takes the pertinent facts from the parties' statements, noting any objections below. Plaintiff alleges that he was attacked by Correctional Officers Ziolkowski, Brun, and Fitch on December 30, 2010, and that Ziolkowski attacked him in retaliation for Plaintiff's testimony at the disciplinary hearing of another inmate. In that regard, Plaintiff testified at the disciplinary hearing of Dwayne Gause ("Gause") on December 13, 2010. Approximately a week later, an unidentified officer threatened Plaintiff and called him a "snitch" for having testified on behalf of Gause, and against a corrections officer. In his amended complaint, Plaintiff does not identify the officer who threatened him or called him a snitch. On December 30, 2010, Plaintiff alleges he was walking back to his cell after the morning meal when a corrections officer in the A-block lobby identified Plaintiff to other corrections officers as the person who testified for Gause. Plaintiff maintains that thereafter, Ziolkowski and other named defendants subjected him to excessive force.

## STANDARDS OF LAW

*Summary Judgment*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "For the court to grant

2

summary judgment, the court must conclude--without resolving any fact disputes--that the movant 'must prevail as a matter of law.'" 11 MOORE'S FEDERAL PRACTICE § 56.21 (Matthew Bender 3d ed.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert. denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1)(B). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions

3

liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

## ANALYSIS

### *Retaliation*

In order to bring a constitutional claim for retaliation, a plaintiff must show "(1) he was 'engaged in constitutionally protected conduct,' and (2) the conduct was 'a substantial or motivating factor for the adverse actions taken by prison officials.'" *Holmes v. Haugen*, 356 F. App'x 507, 508 (2d Cir. 2009) (summary order) (quoting *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003)). Plaintiff contends that he was engaged in constitutionally protected conduct when he testified at a fellow inmate's disciplinary hearing, and that Officer Ziolkowski retaliated against him because of his testimony.

Plaintiff cites to *Kaluczky v. City of White Plains*, 57 F.3d 202, 210 (2d Cir. 1995), as support for his contention that voluntarily appearing as a witness is protected by the First Amendment. Pl.'s Mem. of Law at 6; Compl. ¶ 73. What the appellate court actually wrote was: "Voluntarily appearing as a witness *in a public proceeding or a lawsuit* is a kind of speech that is protected by the First Amendment." *Id.* at 210 (emphasis added). However, *Kaluczky* does not address the specific issue of whether an inmate's First Amendment rights are implicated in a prison disciplinary hearing. "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *accord Diesel v. Town of Lewisboro*, 232 F.3d 92, 109 (2d Cir. 2000).

Plaintiff concedes that "the Second Circuit has not specifically addressed whether testifying as a witness in a prison disciplinary hearing is protected conduct…." Pl.'s

4

Mem. of Law 6–7. He argues, however, that the Second Circuit has also "not found to the contrary."

The Court has reviewed a number of cases on this issue and found none that support Plaintiff's contention he was engaged in a constitutionally protected activity. For example, the Second Circuit has determined that inmates do have a clearly established right to be free from retaliation for filing a grievance. *Rivera v. Senkowski*, 62 F.3d 80, 85 (2d Cir. 1995). In *Merriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989), the Court of Appeals held that "[r]etalitory transfers were clearly illegal in 1980." In *Sullivan v. Schweikhard*, 968 F. Supp. 910 (S.D.N.Y. 1997), the district court wrote: "Because an inmate's right not to be subjected to retaliatory conduct in response to the exercise of his constitutional rights was 'clearly established' at the time of the alleged violations, qualified immunity cannot shield these officials from § 1983 liability." *Id.* at 915. However, neither of theses cases address an inmate's testimony at a fellow inmate's disciplinary hearing.

In *Pettus v. McGinnis*, 533 F. Supp. 2d 337 (W.D.N.Y. 2008), the Honorable David G. Larimer of this Court wrote: "In the case at bar, the Court has found no authority showing that it was clearly established in March 2004 that an inmate's act of providing testimony on behalf of another inmate at the other inmate's disciplinary hearing was protected by the Constitution." *Id.* at 340. The next year, in 2005, the Court of Appeals in *Konits v. Valley Stream Cent. High School Dist.*, 394 F.3d 121 (2d Cir. 2005), a discrimination case, wrote the following:

> Prior to our decision today, there was a split among the district courts in this Circuit as to whether retaliation based on identification as a witness in a fellow employee's discrimination suit could give rise to a First Amendment cause of action…. By our decision today, we resolve this split and

> hold that any use of state authority to retaliate against those who speak out against discrimination suffered by others, including witnesses or potential witnesses in proceedings addressing discrimination claims, can give rise to a cause of action under 42 U.S.C. § 1983 and the First Amendment.

*Konits*, 394 F.3d at 125 (citations omitted). In *Pettus*, Judge Larimer referred to *Konits* and observed that the basis for the Court of Appeals' decision addressed the broad public purpose of redressing sex discrimination against the government which implicating the courts' access to truthful testimony. Judge Larimer also observed that an inmate's First Amendment rights are more curtailed than the rights of the government employee involved in *Konits* and that the broad public purpose may be lacking in the prison disciplinary context.

In 2011, United States Magistrate Judge Andrew T. Baxter of the Northern District of New York, noted that "it is unclear, under Second Circuit authority, whether an inmate's complaints about the treatment of another inmate are protected by the First Amendment and, thus, whether they could be the basis of a retaliation claim." *Smith v. Greene*, No. 9:06-CV-505 GTS/ATB, 2011 WL 1097863, at *10 (N.D.N.Y. Feb. 1, 2011), report and recommendation adopted, No. 9:06-CV-0505 GTS/ATB, 2011 WL 1097862 (N.D.N.Y. Mar. 22, 2011), *vacated and remanded sub nom. Smith v. Levine*, 510 F. App'x 17 (2d Cir. 2013). In the appeal from the district court's decision, the Court of Appeals noted that the defendants conceded two issues: that the plaintiff engaged in constitutionally protected activity when he filed a grievance complaining about an assault by corrections officers against a fellow inmate, and that the law was clearly established on that point at the time. *Smith*, 510 Fed. App'x at 20 (summary order). Defendants have made no such concessions here.

In *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988), the Second Circuit held that a prisoner cooperating with an administrative investigation of alleged incidents of inmate abuse in the prison was exercising a substantive constitutional right and, therefore, a corrections officer who filed false disciplinary charges against him in retaliation could be liable under section 1983. The Court of Appeals wrote that the inmate's conduct was analogous to accessing the courts in that he was petitioning the government for redress of grievances as guaranteed under the First and Fourteenth Amendments. *Id*. at 589-90. This case, however, does not address the precise issue present in the case at bar.

In 2005, the Second Circuit addressed the utterance of false testimony by a correctional officer against an inmate in retaliation, writing:

> The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997). Rather, such action violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, *see Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir.1986), or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights, *see Franco v. Kelly*, 854 F.2d 584, 588–89 (2d Cir.1988). *See Grillo v. Coughlin*, 31 F.3d 53, 56–57 (2d Cir.1994) (discussing *Freeman* and *Franco*).

*Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005).

The holdings of the cases cited above convince the Court that the law has not yet evolved to recognizing that an inmate testifying against a correctional official in a fellow inmate's disciplinary proceeding is exercising a constitutionally protected right. Further, the Court is not prepared to accept Plaintiff's invitation to ascertain the existence of such a right based on the lack of a ruling from the Court of Appeals. Accordingly, the Court finds that Plaintiff has not established he was engaged in a constitutionally-

protected activity when testifying at a fellow inmate's disciplinary hearing. Therefore, his claim under the second cause of action against Ziolkowski cannot be sustained.

## CONCLUSION

For the reasons above, Defendant's application for partial summary judgment, ECF No. 50, is granted. The second cause of action is dismissed.

IT IS SO ORDERED

Dated: May 24, 2019
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge